UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WAYNE WILLIAMS,**

      Plaintiff,              Case No.

**v.**                                         Hon.

**GLOBAL APPLIANCES, LLC,**
and **DAVID A. CHAMPINE,**

      Defendants.

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
**David A. Hardesty (38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

## COMPLAINT

Plaintiff, Wayne Williams, through his attorneys, Gold Star Law, P.C., for his Complaint states:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Wayne Williams ("Williams") is an individual who resides in Clinton Township, Macomb County, Michigan.

2. Defendant, Global Appliances, LLC ("Global Appliances") is a domestic limited liability company with its registered office in Chesterfield Township, Michigan.

3. Defendant David A. Champine ("Champine") is the owner, manager, and resident agent of the Defendant corporation.

4. The wrongful conduct of Defendants alleged herein occurred in Warren, Macomb County, Michigan.

5. This action arises under the Fair Labor Standards Act of 4938 ("FLSA") 29 U.S.C. 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

6. Defendants reside within this judicial district, and venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

7. Defendants own and operate a furniture and appliance shop in Warren, Macomb County, Michigan.

8. Defendants have employed Williams since 1999, and Williams is still employed, although he is currently on leave for health reasons.

9. Williams was employed by Global Appliances as an appliance technician.

10. Williams was scheduled for and regularly worked in excess of forty hours per week, and often worked 45-54 hours per week.

11. Williams' rate of pay at the start of his employment, in 1999, was $9.00 per hour, and he has received periodic pay raises throughout his employment.

12. Williams' rate of pay is currently $30.00 per hour.

13. All hours worked by Williams, including overtime hours, were worked at the direction and with sufferance of Defendants.

14. Pursuant to the FLSA, Defendants were required to compensate Williams at 1 ½ times his rate of pay for all hours worked in excess of 40 hours per week.

15. Global Appliances never compensated Williams at 1 ½ times his rate of pay for hours worked in excess of 40 hours per week.

16. Williams was not, at any time during his employment, exempt from the pay requirements of the FLSA.

17. Defendants' failure to comply with the FLSA was willful, with knowledge, or with reckless disregard of the statutory requirements under the FLSA.

## CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. 207

18. Williams incorporates the allegations in the foregoing paragraphs as if fully stated herein.

19. Defendants' practice of failing to properly pay Williams one and a half time his regular rate of pay for hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. 207.

20. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate of pay are applicable to Defendants or Williams.

21. Williams is entitled to recover his unpaid overtime compensation.

22. Williams is entitled to an amount equal to his unpaid overtime wages as liquidated damages

23. Williams is also entitled to recover his costs and reasonable attorney fees.

24. Pursuant to the FLSA, based upon Williams' actual hours worked and pay received, Defendants are liable to Williams for at least $17,707.75 in unpaid overtime compensation.

25. Williams is entitled to an additional equal amount, or at least $17,707.75 in liquidated damages.

26. Williams is also entitled to his costs and attorney fees in having to pursue this action against Defendants.

**WHEREFORE**, Plaintiff, Wayne Williams, requests that this Court award him at least $17,707.75 in actual unpaid overtime wages, an equal amount as

liquidated damages, him reasonable costs and attorney fees, and such other relief as this Court deems appropriate.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

*/s/ Maia Johnson Braun*
**Maia Johnson Braun (P40533)**
Attorney for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*

Dated: July 19, 2019