UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE WILLIAMS,

    Plaintiff,

v.                                            Case No. 19-12114

GLOBAL APPLIANCES, LLC,
and DAVID A. CHAMPINE,

    Defendants.

_____/

**OPINION AND ORDER APPROVING SETTLEMENT AND
DISMISSING CASE WITH PREJUDICE**

Plaintiff Wayne Williams sued his former employers for violations Fair Labor Standards Act ("FLSA") related to unpaid overtime. The parties recently informed the court that they have reached a settlement in this case. Pending before the court is the parties' joint motion to approve the settlement agreement and to dismiss the case without prejudice. (ECF No. 23.) The parties attach to their motion a copy of the executed settlement agreement. (ECF No. 23-1.) For the reasons explained below, the court will grant the parties' motion.

"[C]ourt approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Arrington v. Mich. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS 157362, *1 (E.D. Mich. Nov. 2, 2012) (Lawson, J.) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). "In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide

dispute over FLSA provisions." *Williams v. K&K Assisted Living LLC,* No. 15-cv-11565, 2016 U.S. Dist. LEXIS 9310, at *1 (E.D. Mich. Jan. 27, 2016) (Drain, J.) (internal quotation marks and citations omitted). Courts within this district have considered several factors in assessing the reasonableness and fairness of a proposed settlement:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) and the possibility of fraud or collusion.

*Robinson v. Sheppard Performance Grp., Inc.*, No. 19-cv-12228, 2020 U.S. Dist. LEXIS 22262, at *3-4 (E.D. Mich. Feb. 10, 2020) (Borman, J.) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)); *see also Williams v. Alimar Sec., Inc.*, No. 13-cv-12732, 2017 U.S. Dist. LEXIS 13530, at *2-3 (E.D. Mich. Feb. 1, 2017) (Parker, J.) (citing *Wolinsky*). The court has reviewed the parties' proposed settlement and considered the abovementioned factors and determines that that the settlement in this case is fair and reasonable.

The settlement awards Plaintiff $23,500; well above the award originally requested by Plaintiff in the complaint. (ECF No. 1, PageID.5; ECF No. 23-1, PageID.93.) Based on the parties' presentations, the court is satisfied that this settlement figure reflects a reasonable end to litigation that would—without settlement—be far costlier to pursue given the complexity of the case. Moreover, the court observes that the parties reached settlement through "arm's length" negotiations with the assistance of a neutral mediator and that throughout all of these proceedings, all parties were represented by their own, experienced counsel. (ECF No. 23-1, PageID.89.)

Representation by experienced counsel during such adversarial settlement proceedings also decreases the likelihood of fraud or collusion.

While the court is satisfied that the settlement is fair and reasonable, the court will decline to retain jurisdiction over enforcement of the terms of the agreement. *See generally RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 641 (6th Cir. 2001) (explaining the requirements necessary for a district court to retain jurisdiction over the enforcement of a settlement agreement); *see also Davis v. Autosales, Inc.*, No. 5:18-cv-1997, 2019 U.S. Dist. LEXIS 226798, at *4, (N.D. Ohio Dec. 12, 2019) (Lioi, J.) (declining to retain jurisdiction over enforcement of the parties' FLSA settlement agreement). Accordingly,

IT IS ORDERED that the parties' joint motion for approval of settlement and dismissal of the case with prejudice (ECF No. 23) is GRANTED. The settlement is APPROVED and the case is DISMISSED WITH PREJUDICE.

                                          s/Robert H. Cleland            /
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated:  August 20, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 20, 2020, by electronic and/or ordinary mail.

                                          s/Lisa G. Wagner            /
                                          Case Manager and Deputy Clerk
                                          (810)292-6522

S:\Cleland\Cleland\HEK\Civil\19-12114.WILLIAMS.approve.settlement.HEK.docx